TOBIAS, J.,
CONCURS IN PART AND DISSENTS IN PART.
Although I concur in the determination that Mr. Pellerin’s “Exception of No Cause of Action and No Right of Action” is actually an exception of res judicata, I respectfully dissent from the remainder of the majority’s opinion because I find our original disposition of this case is correct.
First, Mr. Pellerin’s application for rehearing and supplement thereof raises nothing new that was not originally urged in this court. Although he does correctly point out in the application that we erred when we said that the trial judge who rendered' the judgment now at issue did not render earlier judgments respecting his nonpayment of the support obligation under the 28 October 1996 interim judgment of support and the 21 March 1997 judgment, such is of no moment.
The majority fails to place appropriate emphasis on the clear mandates of La. R.S. 13:4232, which in pertinent part provides:
B. In an action for divorce under Civil Code Article 102 or 103, in an action for determination of incidental matters under Civil Code Article 105, in an action for contribution to a spouse’s education or training under Civil Code Article 121, and in an action for partition and settlement of claims between spouses under R.S. 9:2801, the judgment has the effect of res judicata only as to causes of action actually adjudicated. [Emphasis supplied.]
|2Civil Code article 105 provides:
In a proceeding for divorce or thereafter, either spouse may request a determination of custody, visitation, or support of a minor child; support for a spouse; injunctive relief; use and occupancy of the family home or use of community movables of immovables; or use of personal property.
The burden of proof was upon Mr. Pelle-rin to establish by a preponderance of the evidence at the 10 November 1999 hearing (commemorated by the 6 November 2000 judgment and reasons therefor) that Ms. Pellerin had abandoned her claims for past due and uncollected alimony pendente lite and unpaid child support. The record on appeal, and specifically the transcript of the 10 November 1999 hearing, is devoid of evidence supporting the trial court’s reasons given almost one year after the hearing. Although prior judgments of the court did not specifically address certain aspects of Ms. Pellerin’s rules, the record on appeal fails to affirmatively disclose that Ms. Pellerin was abandoning those *995 claims. The record on appeal contains no transcripts of the prior hearings. The record, therefore, fails to reflect that the certain issues were “actually adjudicated” as required by La. R.S. 13:4232B. Rather, the record on appeal affirmatively indicates that Ms. Pellerin’s primary interest at the hearings of the rules was the payment of the mortgage on the family home so that she and the children of the marriage would be evicted from the family home in a foreclosure proceeding. I find nothing in the record in the form of evidence to support the position that either Ms. Pellerin waived her right to the remainder of the support payments or acquiesced in a modification of the formal definitive judgments for support.
Moreover, the majority decision now disregards this court’s lengthy per curiam opinion in Ventura v. Rubio, 2000-0682 (La.App. 4 Cir. 3/16/01), 785 So.2d 880, and gives res judicata effect to matters for which no record exists. Although Ventura was decided by this court after Ms. Pelle-rin filed her motion, \jVentura merely recognized what was and has always been the law. Ventura mandates a full record of the proceedings in the trial court so that a reviewing court may ascertain what the parties intended and upon what basis the judgment was issued.
The majority decision deprives children of the support obligation to which they are entitled by a final judgment.
We were correct when we reversed and remanded.